United States Court of Appeals
Fifth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

**F I L E D**
April 22, 2013

Lyle W. Cayce
Clerk

No. 12-50624
Summary Calendar

D.C. Docket No. 5:97-CR-23-1-OG

**FILED**
JUN 1 8 2013
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

UNITED STATES OF AMERICA,

    Plaintiff - Appellee

v.

ROBERT KEITH ADAMS,

    Defendant - Appellant

Appeals from the United States District Court for the
Western District of Texas, San Antonio

Before JOLLY, ELROD, and GRAVES, Circuit Judges.

JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the appeal is dismissed as frivolous.

ISSUED AS MANDATE: MAY 1 4 2013

A True Copy
Attest

Clerk, U.S. Court of Appeals, Fifth Circuit

By: _____
Deputy       MAY 1 4 2013

New Orleans, Louisiana

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 22, 2013

Lyle W. Cayce
Clerk

No. 12-50624
Summary Calendar

UNITED STATES OF AMERICA,

    Plaintiff-Appellee

v.

ROBERT KEITH ADAMS,

    Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:97-CR-23-1

Before JOLLY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Robert Keith Adams, federal prisoner # 78734-080 moves this court for leave to proceed in forma pauperis (IFP) in an appeal of the district court's dismissal on jurisdictional grounds of his motion to enforce plea agreement and correct clerical error in the judgment. He argues that the Government breached the plea agreement by allowing restitution in an amount greater than the amount to which Adams agreed in the plea agreement. Further, he asserts that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court retains jurisdiction to enforce a plea agreement at any time; therefore, the court's dismissal for lack of jurisdiction was erroneous.

A movant for IFP on appeal must show that he is a pauper and that the appeal is taken in good faith. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). This court's inquiry into Adams's good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

To the extent that Adams sought modification of the restitution order, the district court lacked jurisdiction to address the issue. *See United States v. Hatten*, 167 F.3d 884, 887 n.5 (5th Cir. 1999); *see United States v. Segler*, 37 F.3d 1131, 1135 (5th Cir. 1994). Further, Federal Rule of Criminal Procedure 36 is the appropriate vehicle for changes that do not substantively alter the orally announced sentence but instead correct errors in the written judgment. *United States v. Spencer*, 513 F.3d 490, 491-92 (5th Cir. 2008). The amount of restitution announced at sentencing is consistent with the amount stated in the judgment of conviction and sentence.

Adams has not established that he will raise a nonfrivolous appellate issue. *See Carson*, 689 F.2d at 586. Accordingly, we DENY the motion to proceed IFP on appeal, and we DISMISS Adams's appeal as frivolous. *See* 5TH CIR. R. 42.2.